KETHLEDGE, Circuit Judge,
dissenting.
The problem with the majority opinion is not that it misapplies the habeas standard, but that it fails to apply that standard at all. The opinion nowhere gives deference to the state courts, nowhere explains why their application of Strickland was unreasonable rather than merely (in *757 the majority’s view) incorrect, and nowhere explains why fairminded jurists could view Etherton’s claim only the same way the majority does. The opinion, in other words, does exactly what the Supreme Court has repeatedly told us not to do.
I grant that one could argue the merits of Etherton’s Strickland claim both ways, though personally I have a hard time seeing the putative prejudice upon which the majority rests its decision. The issue at trial was whether the cocaine in Etherton’s Audi belonged to him or to Pollie. Had the tip taken a position on that issue — had it included, for example, some suggestion that Etherton purchased the cocaine before picking up Pollie — then Etherton would have had a solid argument as to prejudice. But in fact the tip was agnostic as to whom the cocaine belonged: it relayed only that two white men would be travelling down 1-96 in a white Audi containing cocaine. All of those facts were consistent with Etherton’s defense. All of them, indeed, were undisputed. One may therefore ask why a “fairminded jurist,” Harrington v. Richter, 562 U.S. 86, 102, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011), could conclude only that the tip was so prejudicial that Etherton’s counsel in state court was constitutionally required to make eight ■ arguments on appeal rather than six.
The majority does not answer that question — its analysis sticks to Strickland rather than Harrington — but it does try to make out a case for prejudice simpliciter. The argument boils down to this: the tip was prejudicial precisely because all of the information contained in it was already common ground at trial. Specifically, since all of the tip’s information was undisputed at trial, and because Pollie’s testimony included (among many other things) that same information, the tip tended to bolster Pollie’s credibility at trial. If Pol-lie was right about the color of the Audi and the interstate number and the fact that cocaine was in the car, the argument seems to go, maybe a juror would think he was right about who possessed the cocaine too. That argument is creative — in the sense that making do with the ingredients on hand is often creative — but it is hardly constitutionally required. Meanwhile, the cocaine was found in a driver’s — door compartment only inches away from Etherton in a car that he owned and was driving at the time. That the cocaine was found under an empty bag of potato chips — as opposed to lying in plain view by the time the officers approached — does not help Etherton’s case much. In short, a fair-minded jurist could conclude, as the state court concluded, that Etherton had bigger problems at trial than the tip.
Too often in habeas cases the petitioner’s brief, or an opinion granting the writ, read just like they would in a direct appeal. The court’s opinion here illustrates the point. Respectfully, it takes more to apply the fairminded-jurist standard than to perform a direct-review analysis and then simply announce that “[f]airminded jurists could not disagree.” Maj. Op. at 754. What it takes, rather, is a willingness to take seriously the arguments that supported or “could have supported” the state-court decision, Harrington, 562 U.S. at 102, 131 S.Ct. 770; and then to ask not merely whether we agree with those arguments, but whether they are coherent and grounded enough in the facts and applicable law that an unbiased jurist could agree with them. See, e.g., Drummond v. Houk, 797 F.3d 400, 402-03, 2015 WL 4774940 at *2-3 (6th Cir.2015). But we have none of that here.
In sum, the governing Supreme Court precedent in this case is not Strickland but Harrington. One passage in particular: *758 “Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d).” Harrington, 562 U.S. at 105, 131 S.Ct. 770. Our decision today falls prey to that danger, and thus I respectfully dissent.